Scott M. Abeles (D.C. Bar No. 485501)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue N.W.
Suite 400 South
Washington, D.C. 20004
(202) 416-5817

Peter J.W. Sherwin*
Jason A. Richman*
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3000
* *pro hac vice* motions pending

*Attorneys for Petitioner Salini Costruttori S.p.A.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

SALINI COSTRUTTORI S.P.A.,
22, via della Dataria, 00187 Rome, Italy,

           Petitioner,

        v.

KINGDOM OF MOROCCO,
c/o Ministry of Equipment and Transport
(Directorate of Roads and Road Traffic),
B.P. 6226, Rabat, Morocco,

           Respondent.

Civil Action No.: _____

---

**PETITION TO RECOGNIZE, CONFIRM, AND ENFORCE
A FINAL, BINDING FOREIGN ARBITRAL AWARD**

    Petitioner Salini Costruttori S.p.A. ("Salini"), by and through its attorneys, Proskauer

Rose LLP, for its Petition to Recognize, Confirm, and Enforce a Final, Binding Foreign Arbitral

Award (the "Petition") against Respondent Kingdom of Morocco ("Morocco") respectfully alleges as follows:

## INTRODUCTION

1. Through this Petition, Salini seeks recognition, confirmation, and enforcement against Morocco of a final, binding arbitral award rendered in an arbitration between them that took place in Paris, France.

2. Chapter Two of the Federal Arbitration Act, 9 U.S.C. §§ 201, *et seq.*, provides for summary recognition, confirmation, and enforcement of foreign arbitral awards. Specifically, 9 U.S.C. § 207 requires that, as to awards falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"), "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."

3. Here, the final award in the arbitration between the parties falls under the Convention and meets all of the requirements of 9 U.S.C. §§ 201, *et seq.*, and none of the grounds specified in the Convention for refusal or deferral of recognition or enforcement exists. Thus, Salini respectfully requests that this Court recognize, confirm, and enforce the Final Award in its entirety.

## THE PARTIES

4. Petitioner Salini Costruttori S.p.A. is a limited company organized under Italian law, with a registered office at 22, via della Dataria, 00187 Rome, Italy.

5. Respondent Kingdom of Morocco is a foreign sovereign state and is represented in the agreement between the parties by its Ministry of Equipment and Transport (Directorate of Roads and Road Traffic), with an address at B.P. 6226, Rabat, Morocco.

2

**THE AGREEMENT**

6. In 1996, the European Union launched its "MEDA" program to provide financial and technical assistance to the southern Mediterranean countries. This program included Morocco and provided that the EU would financially guarantee certain contracts with Morocco through an amendment to a financing convention previously reached between the EU and Morocco.

7. In November 2003, Morocco issued a request for proposals concerning the so-called Mediterranean Ring Road section between El Jebha and Ajdia, Morocco, a length of over 102 kilometers. Salini submitted a bid for one of the two lots of this section on February 2004. Morocco accepted Salini's bid, and Morocco and Salini concluded Agreement N° AH03/2004 on May 21, 2004 (the "Agreement"). A duly certified copy of the Agreement is annexed as Exhibit A to the accompanying declaration of Peter J.W. Sherwin in support of this Petition ("Sherwin Declaration").

8. The Agreement contains an arbitration agreement at Article 66 of the Agreement's "General Conditions" and Article 65.3 of its "Particular Conditions" (collectively the "Arbitration Agreement"). A duly certified English translation of the Arbitration Agreement is annexed as Exhibit B to the Sherwin Declaration.

9. Article 66 of the Agreement's "General Conditions" provides:

*If no settlement is reached within a period of 120 days after the launch of one of the aforementioned amicable dispute resolution procedures, each party may submit the dispute:*

*(a)    either to the decision of a national court;*

*(b)    or to an arbitral award;*

*in accordance with the particular conditions of this agreement.*

(Sherwin Decl. Ex. B at 1.)

      10.      The Agreement further provides in Article 65.3 of its "Particular Conditions":

*The contracting parties shall make every effort to settle any dispute arising between them amicably.*
*The following procedures shall be applicable after the unsuccessful exhaustion of the amicable dispute resolution process:*

*The difference shall be settled definitively, according to the choice of the contractor:*

*(a)     under the Conciliation and Arbitration Regulations of the International Chamber of Commerce of Paris, or,*

*(b)     according to local law;*

*Should the contractor be a citizen of the beneficiary State, points a) and b) shall apply without prejudice to the local law.*

(*Id*. at 2.)

## THE ARBITRATION

      11.      Salini's execution of the project pursuant to the Agreement began on August 2, 2004, and from the start it was confronted with difficulties. They included failures to give right of access to the site, problems with the soil, the surface and length of nails necessary for reinforcing the walls, the design of the banks, the modification of the route, administrative delays with the import of equipment and material, and the revision of several sections of the road entailing suspensions of works. These difficulties, among others, gave rise to several agreed-upon extensions to the deadline for completion of the project. Eventually, however, the Agreement was terminated before completion of the project.

      12.      Certain disputes arose between the parties. The parties disputed, among other things: (i) the reimbursement by Morocco of direct and indirect taxes paid by Salini to its

4

suppliers; (ii) the termination of the Agreement and the timing thereof; and (iii) the financial consequences of the partial execution of the Agreement and its termination.

13. The parties were unable to resolve their differences amicably between themselves, so Salini thereafter invoked the Arbitration Agreement and filed its Request for Arbitration against Morocco on August 13, 2009 with the International Chamber of Commerce ("ICC"). That commenced the arbitration entitled *Salini Costruttori S.p.A. (Italy) v. Kingdom of Morocco (Morocco)*, before the ICC International Court of Arbitration, Case No. 16550/ND (the "Arbitration"). Morocco filed its Answer on November 18, 2009.

14. On November 30, 2009, the ICC confirmed the appointment of Eric Teynier (56 rue de Londres, Paris, France 75008) and Marc Henry (8 rue de Presbourg, Paris France 75116) as co-arbitrators and, on March 2, 2010, appointed Francois Knoepfler (Courtils, 49, 2016 Cortaillod, Switzerland) as the chairman upon the joint nomination of the two co-arbitrators (collectively the "Arbitral Tribunal").

15. The parties each appeared and participated in the Arbitration with the assistance of counsel. Salini was represented by Christophe Lapp, of Altana (45 rue de Tocqueville, Paris, France 75017), and Jean-Pierre Andrieux (19 rue de la Paix, Paris, France 75002). Morocco was represented by Christian Camboulive, of Gide Loyrette Nouel (22 cours Albert ler, Paris, France 75008).

16. The parties submitted extensive pre-hearing briefing and exhibits, and the Arbitral Tribunal held two days of evidentiary hearings in April 2011, with a further day of hearings held in May 2011 devoted to the pleadings and its final questions. The parties also submitted post-hearing briefing on certain issues.

17.     After consideration and study of all the facts, circumstances, and proofs, and having come to a decision, the Arbitral Tribunal rendered the Final Award in the Arbitration on December 5, 2011 (the "Final Award"). A duly certified copy of the Final Award is annexed as Exhibit C to the Sherwin Declaration, and a duly certified English translation of the Final Award is annexed as Exhibit D thereto.

18.     The determination of the Arbitral Tribunal, set out in the "Decision" section of the Final Award, provides:

> *Basing itself on the terms of the agreement, on Moroccan law and on relevant practices, the Arbitral tribunal decides the following:*
>
> *1.     It accepts jurisdiction to rule on the submissions of the Parties.*
>
> *2.     It observes that the termination of agreement AH03/2004, notified by Salini Costruttori SpA on 12 January 2008, with effect on 10 January 2008 is not valid and rejects all of the related demands.*
>
> *3.     It observes that the termination of agreement AH03/2004, notified by the Kingdom of Morocco on 11 August 2008, effective on 1 August 2008, is valid in its principle.*
>
> *4.     It states that the date of final taking over of the works shall be established as from 7 April 2009.*
>
> *5.     It orders the Kingdom of Morocco to pay Salini Costruttori SpA, by way of the works carried out, an amount of €8,158,518.87 plus VAT at a rate of 20% for the part not financed by the European Union.*
>
> *6.     It orders the Kingdom of Morocco to pay Salini Costruttori SpA, by way of interest on the principal amount of €8,158,518.87, calculated until 30 June 2010, an amount of €1,040,000.00.*
>
> *7.     It orders the Kingdom of Morocco to pay Salini Costruttori SpA interest on this amount of €8,130,000.00, calculated from 1 July 2010 at the ECB rate plus 3.5 percentage points, until its complete payment.*
>
> *8.     It states that the agreement AH03/2004 contains a commitment by the Kingdom of Morocco not to impose on Salini Costruttori SpA the burden of duties or taxes and that in the event of levying such duties or taxes, the*

> *Kingdom of Morocco would be liable to reimburse Salini Costruttori SpA the said duties and taxes.*

9. *It orders the Kingdom of Morocco to pay Salini Costruttori SpA, by way of reimbursement of the duties and taxes on cement, heating oil and extractions, including those carried out in the municipality of Bni J'mil, an amount of €5,212,183.39. This amount shall bear interest at the ECB rate plus 3.5 percentage points, starting from 13 August 2009 until complete payment of the principal.*

10. *It states that the Kingdom of Morocco shall reimburse all other duties and taxes to Salini Costruttori SpA, which have been or would be recovered, by way of execution of agreement AH03/2004 and that the amounts incurred shall be increased by interest at the rate set by the ECB plus 3.5 percentage points, starting from the day after payment by Salini SA of the said taxes and duties and until complete reimbursement.*

11. *It orders the Kingdom of Morocco to pay Salini Costruttori SpA the amount of €2,140,600.16 by way of changes in the quantity of certain items, plus VAT at a rate of 20%.*

12. *It orders the Kingdom of Morocco to pay Salini Costruttori SpA interest on this amount of €2,140,600.16, calculated from 1 July 2010 at the ECB rate plus 3.5 percentage points, until complete payment.*

13. *It orders Salini Costruttori SpA to pay the Kingdom of Morocco the amount of €500,000.00 (five hundred thousand) by way of delay damages with interest at the rate set by the ECB plus 3.5 percentage points, starting from 18 November 2009, until complete payment of the principal.*

14. *It orders Salini Costruttori SpA to pay the Kingdom of Morocco, by way of procedural indemnity for drawing up a new Contract with the company Houar SA, an amount of €20,000.00 (twenty thousand).*

15. *It orders the Kingdom of Morocco to return, within eight days of notification of this award, all of the bank guarantees issued by the order and on behalf of Salini Costruttori SpA, based on the contract AH03/2004, notably guarantees R/65190072, R/65190073 and R/65190074, the execution of which is guaranteed by a fee of €10,00.00 per day, starting from the eighth day following notification of the award by the ICC.*

16. *It orders the Kingdom of Morocco to grant a release from the notice to a third party holder of 7 June 2010 for an amount of €3,379,776.30 and to reimburse to Salini Costruttori SpA the amount of 486,511.16 DH, increased by interest at the rate set by the ECB plus 3.5 percentage points, starting from the payment date, until complete payment.*

> *17.    It orders the offsetting of the receivables of the Kingdom of Morocco of the amounts allocated to it against Salini Costruttori SpA.*
>
> *18.    It rejects any other submission put forward by Salini Costruttori SpA and/or the Kingdom of Morocco.*
>
> *19.    It states that there shall be no awarding of costs, with each party bearing its own.*
>
> *20.    It states that the parties shall each bear half of the arbitration costs set by the International Court of Arbitration of the ICC at US$ 650,000.00. Insofar as each party has paid an equivalent amount by way of advances of costs, and this amount is equivalent to the arbitration costs, no reimbursement shall be ordered.*

(Sherwin Decl. Ex. D at Section VI.)

## JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction to recognize, confirm, and enforce the Final Award against Morocco pursuant to 28 U.S.C. §§ 1605(a)(1) and (a)(6).

20.    This Court has personal jurisdiction over Morocco pursuant to 28 U.S.C. § 1330(b).

21.    Venue for this proceeding is proper in this Court pursuant to 28 U.S.C. § 1391(f).

## THE FINAL AWARD MEETS ALL OF THE CRITERIA TO BE RECOGNIZED, CONFIRMED, AND ENFORCED

22.    The Federal Arbitration Act provides in 9 U.S.C. § 207:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

23.    In turn, 9 U.S.C. § 202 provides that an arbitral award falls under Convention if it arises "out of a legal relationship, whether contractual or not, which is considered as commercial," unless that relationship is entirely between citizens of the United States and does

not involve property located abroad, does not envisage performance or enforcement abroad, and does not have some other reasonable relation with one or more foreign states.

24. Here, all criteria are satisfied for recognition, confirmation, and enforcement of the Final Award pursuant to 9 U.S.C. § 207.

25. The Final Award falls under the Convention because it arises out of a legal relationship that is commercial and is not entirely between citizens of the United States.

26. The Petition is timely because this proceeding was commenced within three years of when the Final Award was made.

27. This Court has original jurisdiction over this application pursuant to 9 U.S.C. § 203.

28. Petitioner Salini was a party to the Arbitration, as was Respondent Morocco.

29. No grounds for refusal or deferral of recognition, confirmation, and enforcement of the Final Award specified in the Convention are present here.

30. In accordance with the Convention, duly certified copies of the Final Award and the Arbitration Agreement, which is in writing and was duly executed by the parties, are annexed to the accompanying Sherwin Declaration, along with duly certified English translations thereof.

31. WHEREFORE, Salini respectfully requests an order:

    (i) granting the Petition

    (ii) recognizing, confirming, and enforcing the Final Award in its entirety;

    (iii) directing that judgment be entered thereon; and

    (iv)    granting such other and further relief that the Court deems just and proper.

Dated: December 2, 2014

                          PROSKAUER ROSE LLP

                          By:    /s/ Scott M. Abeles
                                 Scott M. Abeles
                                 D.C. Bar No. 485501

                        1001 Pennsylvania Avenue N.W.
                        Suite 400 South
                        Washington, D.C. 20004
                        (202) 416-5817

                        Peter J.W. Sherwin*
                        Jason A. Richman*
                        11 Times Square
                        New York, New York 10036
                        (212) 969-3000
                        * *pro hac vice* motions pending

                        *Attorneys for Petitioner Salini Costruttori S.p.A.*